Stewart, J.,
 

 dissenting. I dissent from the fourth paragraph of the syllabus and the judgment.
 

 The order of events with which this case is concerned is as follows:
 

 The Public Adjustment & Construction Company (hereinafter called défendant company) owned the entire tract of approximately 20 acres. The land was-certified delinquent in 1927, but the county auditor did not advertise the certification until 1936. The county treasurer did not file a foreclosure action to collect the delinquent taxes, until May 20, 1943. In the interim the tract was divided into three parcels, Robert Sill becoming the owner of a specific portion, Alex N., Sill becoming the owner of a specific portion, and the third specific portion remaining in tlie ownership of defendant company.
 

 The title had been thus divided prior to the institution of the foreclosure action by the county treasurer and these three owners were, made parties defendant in such action.
 

 The foreclosure action was heard on January 4,,
 
 *566
 
 1944, and resulted in a decree in favor of the plaintiff, as prayed for in the petition.
 

 On January 19, 1944, a precipe was filed and an order of sale issued.
 

 On March 10, 1944, the order of sale was returned endorsed “not sold for want of bidders.”
 

 On December 27, 1945, another precipe was filed and an alias order of sale was issued.
 

 On September 18, 1945, the Split-Tax-Bills Act, Section 2573, General Code, became effective, and pursuant to such act the county auditor apportioned the lien and allocated to the • parts owned by defendant company and defendant Alex N. Sill the amount of taxes and assessments accrued against the parcel as a whole, proportionate to the values of such defendants ’ portions.
 

 After the county auditor made his apportionment, the county treasurer furnished the two defendants with appropriate tax bills covering all delinquent- and current-tax assessments, together with interest and penalties thereon, apportioned in accordance with Section 2573, General Code.
 

 Thereafter the defendant company and defendant Alex N. Sill entered into written undertakings, in accordance with Section 2672-3, General Code, to pay the full principal amount of delinquent taxes and assessments, plus the penalties, interest and other charges, on the land of which they are the owners, in ten annual installments, and paid the costs of the foreclosure proceedings as» provided in Section 2672-15, General Code.
 

 As a result of these steps the defendant company and defendant Alex N. Sill owe no delinquent taxes or penalties on the land of which they acquired ownership prior to the instant foreclosure action, and it seems to me that they are entitled to have their mo-'
 
 *567
 
 tions granted to vacate the order for sale with reference to their lands.
 

 There is no charge of fraud in this case and no proceedings have been had to set aside any of the things that have been done by defendants, the county auditor and the county treasurer. To deny the defendants the relief they ask when they have fully complied with the law, owe no delinquent taxes or-penalties on their parcels of land and have paid the costs in the instant foreclosure action, seems to me to constitute judicial repeal of legislation duly and lawfully enacted by the General Assembly.
 

 Hart, J., concurs in the foregoing dissenting opinion.